12-4357-cv
Hoffman v. Town of Southampton

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand thirteen.

Present:
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*,
> JANE A. RESTANI,
> > *Judge.*[*]

_____

PETER L. HOFFMAN, LOTTE, LLC,

> *Plaintiffs-Appellants*,

>   v.                                        12-4357-cv

TOWN OF SOUTHAMPTON, BOARD OF TRUSTEES OF
THE FREEHOLDERS AND COMMONALTY OF THE TOWN
OF SOUTHAMPTON, SCOTT A. STROUGH, Individually and
in his Official Capacity as a Former Member and President of the
Board of Trustees of the Freeholders and Commonalty of the
Town of Southampton, FREDERICK C. HAVEMEYER,
Individually and in his Official Capacity as a Member of the
Board of Trustees of the Freeholders and Commonalty of the

_____

[*] The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

1

Town of Southampton, JOSEPH R. LOMBARDO, Individually and in his Official Capacity as a Town of Southampton Senior Assistant Town Attorney, THEODORE H. SADLEIR, Individually and in his Official Capacity as a Town of Southampton Senior Bay Constable,

*Defendants-Appellees.*

FOR APPELLANTS:        BRIAN S. COHEN, Cohen Law Group, P.C., New York, NY.

FOR APPELLEES:        RICHARD C. CAHN, Cahn & Cahn, LLP, Huntington, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs Peter L. Hoffman and Lotte, LLC appeal from a Memorandum and Order of the United States District Court for the Eastern District of New York (Bianco, *J.*) entered on September 28, 2012, dismissing plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs asserted claims for malicious abuse of process under 42 U.S.C. § 1983, and malicious prosecution and abuse of process under New York law, and sought a declaratory judgment that the policy of the Town of Southampton Board of Trustees ("Trustees") "of revoking . . . legal preexisting, nonconforming uses and structures, is unconstitutional." Am. Compl. ¶ 155. Plaintiffs' only argument on appeal is that the district court improperly dismissed their malicious abuse of process claim asserted under section 1983. We assume the parties' familiarity with the facts and procedural history of this case.

We review *de novo* the district court's dismissal of a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 216 (2d

Cir. 2004). In reviewing a decision on a motion to dismiss, we must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 51-52 (2d Cir. 2012) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Although plaintiffs did not allege that they were denied any federal right—a prerequisite to asserting a claim under section 1983—we have said that where the process alleged to have been abused is criminal in nature, an adequately pled claim for malicious abuse of process is "by definition a denial of procedural due process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (internal quotation marks omitted). A claim for malicious abuse of criminal process—assuming it is adequately pled—therefore alleges a deprivation of a federal right and may be asserted under section 1983. To plead adequately a claim for malicious abuse of process under New York law, a plaintiff must allege that a defendant "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse [or] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003) (internal quotation marks omitted). Because we hold that plaintiffs have failed to allege that defendants sought to advance a collateral objective, we need not address whether the Amended Complaint satisfies the first and second elements of this test.

Plaintiffs allege that defendants filed criminal charges against them in retaliation for plaintiffs' application to the local Justice Court to enjoin defendants from filing criminal charges in addition to those already filed. Am. Compl. ¶ 66. Neither retaliation nor a malicious motive,

3

however, is a sufficient collateral objective to satisfy that element of a cognizable malicious abuse of process claim. *Savino*, 331 F.3d at 77. Rather, New York law requires "an ulterior *purpose* or *objective* in facilitating [the] prosecution." *Id.* at 78.

Plaintiffs next maintain that defendants filed additional charges in order to "coerce and pressure [p]laintiffs into refraining from (a) pursuing [p]laintiffs' right to defend themselves against criminal prosecution, (b) proving that the dock and catwalk are not illegal—and, in turn, challenging the Town's and the Trustees' power to revoke legal, preexisting and nonconforming uses, (c) asserting that the commencement of the criminal prosecution was improper and defective, and (d) challenging the jurisdiction of the Town and the Trustees." Am. Compl. ¶ 66. Each of these objectives is a potential defense or litigation strategy that was available to plaintiffs in defending the criminal charges lodged against them. As such, these purposes, too, are directly related to the underlying litigation rather than collateral to it. Moreover, considering these allegations as pleaded, plaintiffs' claim boils down to the following: by seeking to prevent plaintiffs from pursuing the alleged objectives, defendants sought to prevail on the underlying criminal prosecution.[1] Even so, it cannot be said that defendants "aimed to achieve a collateral purpose beyond or in addition to [the] criminal prosecution." *Savino*, 331 F.3d at 77.[2]

---

[1] Although plaintiffs did not request leave to replead in their opposition to the motion to dismiss below, the district court nonetheless granted such leave "in an abundance of caution" in the event that plaintiffs could allege "that defendants sought a collateral objective independent of winning the prosecution." *Hoffman v. Town of Southampton*, 893 F. Supp. 2d 438, 450 (E.D.N.Y. 2012). Plaintiffs nonetheless did not file an amended complaint after the district court's grant of the motion to dismiss.

[2] Accordingly, plaintiffs may not succeed on their claim that the Town of Southampton is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), based on its alleged "policy, custom, usage, and/or practice of the Town and the Trustees of charging property owners with violations of the Town Code and Trustees' Rules and Regulations without probable cause" and "without regard for whether or not the Trustees have jurisdiction." Am. Compl. ¶¶ 149, 148. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action . . . ; it *extends* liability to a municipal organization where that

4

We have considered all of plaintiffs' remaining arguments and find them to be without

merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

organization's . . . policies or customs that it has sanctioned, led to an *independent* constitutional violation." (second emphasis added)).